UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ERNEST PORTER,

                            Plaintiff,

   -against-

FAST TRACK EXPRESS & CARGO SERVICES INC.,
SHAWN ZAIDI and JOHN DOE,

                         Defendants.
------------------------------------------------------------------------X

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

      Plaintiff ERNEST PORTER ("Plaintiff"), by and through his attorneys, THE SELTZER LAW GROUP P.C., brings this Complaint against Defendants FAST TRACK EXPRESS & CARGO SERVICES INC. ("Defendant Fast Track" or "Fast Track"), SHAWN ZAIDI ("Defendant Zaidi" or "Zaidi") and JOHN DOE (collectively, "Defendants") as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action to remedy violations of the Fair Labor Standards Act of 1938, as amended. 29 U.S.C § 201 *et seq*. ("FLSA"). Plaintiff seeks unpaid minimum wage, unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C §§ 216(b) and 217, and other applicable federal laws.

2. Plaintiff also brings this action to remedy violations of the New York State Labor Law, including NYLL §§ 190 *et seq.*, §§ 650 *et seq*. ("NYLL") and 12 NYCRR §142. Plaintiff seeks unpaid minimum wage, unpaid overtime wages, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. § 1367(a) for the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendants may be found in this District.

## PARTIES

6. Plaintiff is a natural person residing in the State of New York.

7. Plaintiff was employed by the Defendants as a driver for Fast Track from approximately July 2017 until approximately November 24, 2018.

8. At all relevant times, Plaintiff was an "employee" within the meaning of all applicable statutes.

9. Defendant Fast Track is a domestic corporation licensed to do business in the State of New York, with its principal place of business at 149-05 177th Street, Jamaica, New York 11434.

10. Defendant Zaidi is a principal, owner and/or operator of Fast Track.

11. At all relevant times, Defendant Zaidi has and had exercised the power to hire, fire, establish the work hours and schedule and control the wages and working conditions of the Plaintiff.

12. Defendant JOHN DOE is a principal, owner and/or operator of Fast Track.

13. At all relevant times, Defendant JOHN DOE has and had exercised the power to hire, fire, establish the work hours and schedule and control the wages and working conditions of the Plaintiff.

14. At all relevant times, Defendants have been and continue to be "employers" and "persons" within the meaning of the FLSA, the NYLL and the NYCRR.

15. At all relevant times, Fast Track's gross annual income has exceeded $500,000.00.

16. At all relevant times, Defendants have been, and continue to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL, as they utilize vehicles and transportation-related products in the course of business that originated in states other than New York.

17. At all relevant times, Defendants have employed "employee[s]," including Plaintiff.

## FACTUAL ALLEGATIONS

18. Fast Track is a freight shipping and cargo services company.

19. At all relevant times, Defendants employed Plaintiff.

20. Plaintiff worked for Defendants as a driver.

21. On occasion, Plaintiff would load and/or unload the vehicle that he drove.

22. Defendants assigned Plaintiff to work—and Plaintiff generally worked—over 40 hours per work week during each work week of Plaintiff's employment.

23. Defendants generally scheduled Plaintiff to work—and Plaintiff generally worked—fifty (50) to sixty (60) hours during each work week of Plaintiff's employment.

24. On average, Plaintiff worked approximately 55 hours during each work week of his employment with Defendants.

25. During his employment with Defendants, Plaintiff generally worked five days each week from Tuesday through Saturday.

26. Plaintiff's shift on each day that he worked for Defendants was at least ten (10) hours.

27. Plaintiff was compensated at the rate of $13.75 per hour during his employment with Defendants.

28. Even though Plaintiff worked between 50 and 60 hours each work week during his employment, at no time did Defendants pay Plaintiff for more than 40 hours of work during each week of work.

29. Defendants did not pay Plaintiff any wage or compensation whatsoever for the hours that he worked in excess of 40 each work week.

30. During his employment, Plaintiff asked Defendants about the failure to pay him for the hours that he worked in excess of 40 each work week.

31. Defendants responded that it was not their policy or practice to pay overtime compensation.

32. Defendants informed Plaintiff that he would not be paid for any of the hours that he worked in excess of 40 during each work week.

33. Defendants knowingly and willfully operated their business with a policy of not paying the Federal and the New York State minimum wage and overtime rates of pay to Plaintiff, or any other employee, as they did not pay any wages whatsoever for hours worked in excess of 40 during each work week.

34. Defendants did not pay Plaintiff an overtime premium of one and one-half times his regular hourly rate of pay for all hours worked in excess of 40 hours per work week as required by the FLSA and the NYLL, as Defendants failed to pay Plaintiff any compensation whatsoever for the hours that he worked in excess of 40 during each work week.

35. From the commencement of his employment with Defendants until approximately July 2018, Plaintiff exclusively drove as part of his employment, a 2017 Ford Van owned by and registered to Fast Track bearing New York State Vehicle Identification Number 1FTYR3XM1HKA52398 (the "Fast Track Van").

36. At all times relevant hereto, the Fast Track Van had a gross vehicle weight rating of 9,000 pounds.

37. From approximately July 2018 until the conclusion of his employment with Defendants, Plaintiff drove as part of his employment, the Fast Track Van for the majority of the time that he worked during said period.

38. Plaintiff is therefore a covered employee under the FLSA and is non-exempt from the FLSA's overtime premium requirement.

39. Defendants failed to provide Plaintiff with a compliant wage notice required by NYLL § 195(1).

40. Defendants failed to provide Plaintiff with compliant wage statements required by NYLL § 195(3).

41. Defendants failed to comply with the spread of hours requirement of the NYLL, as Plaintiff was not paid for an additional hour of work at the minimum wage rate for his work shifts that exceeded ten hours.

42. Defendants committed the forgoing acts knowingly, intentionally and willfully against Plaintiff.

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay the Minimum Wage and**
**Overtime Wages Against All Defendants - FLSA)**

43. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs "1" through "42" of this Complaint as if they were set forth fully and at length herein.

5

44. The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiff was not exempt from this requirement.

45. It is unlawful under the FLSA for an employer to suffer or permit a non-exempt employee to work without paying minimum wage or overtime premiums for all hours worked in excess of forty (40) hours in any workweek

46. Plaintiff is a covered employee under the FLSA who was entitled to be paid at the prevailing minimum wage for all hours worked.

47. Plaintiff is a covered employed under the FLSA who was entitled to be compensated at the overtime premium rate for all hours worked in excess of forty (40) in any work week during his employment with Defendants..

48. Defendants are covered employers under the FLSA that are required to comply with the minimum wage requirement.

49. Defendants are covered employers under the FLSA that are required to comply with the overtime premium pay requirement.

50. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per work week.

51. Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff the minimum wage and the required overtime rates for hours worked in excess of forty (40) hours per workweek.

52. Defendants informed Plaintiff that they do not pay overtime compensation to their employees, establishing the willful nature of their violation.

53. Defendants failed to pay Plaintiff any wage or compensation whatsoever for the hours that he worked in excess of 40 during each work week, establishing the willful nature of their violation.

54. As a result of their failure to pay Plaintiff the prevailing minimum wage and overtime premiums for all hours worked in the excess of forty (40) hours in any workweek, Defendants violated the FLSA.

55. Defendants' violations of the FLSA have significantly damaged Plaintiff and entitles him to recover damages in the amount of their respective unpaid minimum wage, overtime compensation, liquidated damages as provided by the FLSA, and attorneys' fees, costs and interest.

56. Because Defendants' violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 is applicable.

## SECOND CLAIM FOR RELIEF
**(Failure to Pay Minimum Wage and Overtime Wages - NYLL)**

57. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs "1" through "56" of this Complaint as if they were set forth fully and at length herein.

58. The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiff is not exempt from this requirement.

59. It is unlawful under the NYLL for an employer to suffer or permit a non-exempt employee to work without paying minimum wage or overtime premiums for all hours worked in excess of forty (40) hours in any workweek

60. Plaintiff is a covered employee under the NYLL who was entitled to be paid at the prevailing minimum wage for all hours worked.

61. Plaintiff is a covered employed under the NYLL who was entitled to be compensated at the overtime premium rate for all hours worked in excess of forty (40) in any work week during his employment with Defendants..

62. Defendants are covered employers under the NYLL that are required to comply with the minimum wage requirement.

63. Defendants are covered employers under the NYLL that are required to comply with the overtime premium pay requirement.

64. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per work week.

65. Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff the minimum wage and the required overtime rates for hours worked in excess of forty (40) hours per workweek.

66. Defendants informed Plaintiff that they do not pay overtime compensation to their employees, establishing the willful nature of their violation.

67. Defendants failed to pay Plaintiff any wage or compensation whatsoever for the hours that he worked in excess of 40 during each work week, establishing the willful nature of their violation

68. As a result of their failure to pay Plaintiff the prevailing minimum wage and overtime premiums for all hours worked in the excess of forty (40) hours in any workweek, Defendants violated the NYLL.

69. Defendants' violations of the NYLL have significantly damaged Plaintiff and the and entitle him to recover damages in the amount of their respective unpaid minimum wage, overtime

compensation, liquidated damages as provided by the NYLL, and attorneys' fees, costs and interest.

## THIRD CLAIM FOR RELIEF
### (Wage Statement Violations - NYLL § 195(3))

70. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs "1" through "69" of this Complaint as if they were set forth fully and at length herein.

71. Defendants failed to supply Plaintiff with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages: name of employee; name of employer; address and phone number or employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

72. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants $250 dollars for each workday that the violations occurred or a total of $5,000, as provided for by NYLL § 195(3), as well as attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### (Notice and Recordkeeping Requirements Violations - NYLL § 195(1))

73. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs "1" through "72" of this Complaint as if they were set forth fully and at length herein.

74. Defendants failed to provide Plaintiff with a written notice of his rates of pay, regular pay day and such other information as required by NYLL § 195(1).

75. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### (NYLL Spread of Hours Pay Violations)

76. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs "1" through "75" of this Complaint as if they were set forth fully and at length herein.

77. Plaintiff regularly worked more than 10 hours in a workday.

78. At all relevant times, Defendants willfully and intentionally failed to compensate Plaintiff for one hour's pay at the basic New York minimum hourly wage rate for each day that they worked in excess of 10 hours, as required by NYLL.

79. By virtue of Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants violated the NYLL and the supporting New York State Department of Labor regulations.

80. Due to Defendants' NYLL violations, Plaintiff is entitled to recover damages in the amount of his unpaid spread-of-hours pay as well as attorneys' fees, costs, and interests.

## DEMAND FOR JURY TRIAL

81. Plaintiff hereby demands a trial by jury on all issues of fact and damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that this Court:

(a) Award Plaintiff damages plus pre-judgment and post-judgment interest, as provided by law against the Defendants for their violations of the FLSA and NYLL;

(b) Award Plaintiff an additional amount as liquidated damages pursuant to the FLSA and NYLL to be paid by the Defendants;

(c) Award Plaintiff his reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any expert fees pursuant to 29 U.S.C. § 216, NYLL §§ 663, 198 and other applicable statutes;

10

(d) Grant Plaintiff such other and further legal and equitable relief that the Court deems necessary, just and proper.

Dated: New York, New York
December 27, 2019

Respectfully Submitted,

THE SELTZER LAW GROUP P.C.
*Attorney for Plaintiffs*

_____/s/_____
Steven Seltzer
125 Maiden Lane, Suite 507
New York, New York 10038
T: 646-863-1909
F: 646-863-1877

11